

ENTERED
05/23/2013

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 08-70260 |
| MARCO A. CANTU, ROXANNE CANTU | § | CHAPTER 7 |
| | § | |
| Debtor(s). | § | JUDGE ISGUR |
| | § | |
| MARCO A CANTU, *et al* | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 12-07023 |
| | § | |
| GEORGE W STONE | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

George W. Stone's Motion for Summary Judgment, (ECF No. 7), is granted. These causes of action are property of the estate and, therefore, the Cantus lack standing.

## Background

The parties do not dispute the material facts of this case.[1]

On May 6, 2008, the Cantus filed a petition for relief under Chapter 11 of the Bankruptcy Code. On the same day, Mar-Rox, Inc. (the Cantus' wholly owned corporation), also filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Cantus' and Mar-Rox's bankruptcy cases were treated as jointly administered as of November 5, 2008.

On June 3, 2008, subsequent to the initial chapter 11 bankruptcy filings, the Court

---

[1] This adversary proceeding, as with adversary proceeding 13-7001, concerns allegations against a professional hired to represent the Cantus and Mar-Rox, Inc. (the Cantus' wholly-owned entity) in bankruptcy. This adversary proceeding is against George W. Stone (an accountant), while adversary proceeding 13-7001 is against Ellen Stone and the Stone Law Firm PC. The Court believes that these facts are undisputed.

approved the retention of George W. Stone as an accountant for the Cantus and Mar-Rox, Inc., in their (then-separate) Chapter 11 bankruptcy cases.

On June 24, 2009, about one year after George W. Stone began representing the Cantus, the Bankruptcy Court entered an order converting the Debtors' bankruptcy case to a Chapter 7. Contemporaneously, the Bankruptcy Court appointed Michael B. Schmidt as Chapter 7 Trustee over the Debtors' bankruptcy estate.

On February 17, 2011, the Bankruptcy Court issued *In re Cantu*, 2011 WL 672336 (Bankr. S.D.Tex. 2011), denying the Cantus' discharge. The opinion was based, in part, on the Cantus engaging in fraudulent omissions, improper transfer of estate assets, making false oaths in connection with their bankruptcy cases, refusing to comply with lawful court orders, failing to keep adequate records, and fraudulently withholding information from the Trustee.

On October 17, 2012, the Cantus filed suit against George Stone (d/b/a George W. Stone Accounting) in the 206th District Court of Hidalgo County, Texas. (ECF No. 9 at 1). The complaint alleges that actions by Stone, while working for the Cantus as an accountant, contributed to the failure of the case. (ECF No. 1-1 at 5-8). The complaint brings causes of action for: (i) accounting malpractice; (ii) Texas DTPA violations; (iii) gross negligence; (iv) violations of the Texas Rules of Disciplinary Procedure; (v) fraudulent misrepresentation; and, (vi) fraudulent inducement. (ECF No. 1-1 at 8-10). The complaint seeks $50 million in damages. (ECF No. 1-1 at 10).

George Stone removed the case on December 14, 2012. (ECF No. 1 at 1). The Cantus filed a Motion for Remand on February 22, 2013, (ECF No. 8). On February 25, 2013, George Stone moved for summary judgment, arguing that the Cantus lack standing to bring these causes of action. (ECF No. 7).

At a hearing on February 25, 2013, the Court held a scheduling conference in the case. Cantu raised the issue of the applicability of *Swift* versus *Wheeler* (previously raised with the District Court in the Ellen Stone adversary proceeding, Case No. 13-7001, and discussed in this Court's Memorandum Opinion in that case, ECF No. 50).  (February 25, 2013 Hr'g at 2:32:00). The same issue is present in this case.

At the February 25, 2013 scheduling conference, Cantu asked for 30 days to file a motion with District Judge Crane requesting certification of this question to the Fifth Circuit. (February 25, 2013 Hr'g at 2:39:30).  Cantu stated that, if such certification was granted, he would move to abate this case pending resolution of the issue by the Fifth Circuit. (February 25, 2013 Hr'g at 2:49:30).  The Court finds no record of, and has receive no information regarding, the Cantus' efforts to procure certification from District Judge Crane.

At the scheduling conference, the Court required briefing on three cases relevant to the motion to remand, in addition to briefing on the *Swift* case.  The Cantus' brief filed thereafter discussed the three cases relevant to the motion to remand.  (ECF No. 13).

The Cantus' Motion to Remand was denied on April 10, 2013.  (ECF No. 14).  The Cantus filed a Motion for Reconsideration on the Order Denying Motion for Remand, which was denied on May 3, 2013.  (ECF No. 18).  The Cantus have appealed both orders.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact.

*Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[2] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

---

[2] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

As noted above, at the February 25 scheduling conference, Cantu asked for 30 days to file a motion with District Judge Crane requesting certification of this question to the Fifth Circuit. (February 25, 2013 Hr'g at 2:39:30). Cantu stated that, if the certification was granted, he would move to abate this case pending resolution of the issue by the Fifth Circuit. (February 25, 2013 Hr'g at 2:49:30). The Court finds no record of, and has received no information regarding, the Cantus' efforts to procure certification from District Judge Crane.

Cantu never responded to George W. Stone's Motion for Summary Judgment. "A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hibernia Nat'l Bank v. Admin. Central Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (internal citations omitted).

George W. Stone's Motion for Summary Judgment, combined with the facts acknowledged by the Cantus in their pleadings, establishes that there is no genuine issue of material fact that George W. Stone is entitled to judgment as a matter of law.

Section 1115 of the Bankruptcy Code states that, in an individual chapter 11 case, all property (of the kind specified in § 541) acquired postpetition but prior to the closing, dismissal, or conversion of the case constitutes property of the estate. 11 U.S.C. § 1115. The question thus becomes when these causes of action arose. If they arose preconversion, they are property of the estate. If they arose postconversion, they are owned by the Cantus individually.

The Cantus' complaint in this adversary proceeding against George W. Stone parallels their complaint in the adversary proceeding against Ellen Stone and the Stone Law Firm PC. (*Compare* ECF No. 1-1 at 5-8, *with* Case No. 13-7001, ECF No. 1-1 at 7-10).

This complaint brings causes of action for: (i) accounting malpractice; (ii) Texas DTPA violations; (iii) gross negligence; (iv) violations of the Texas Rules of Disciplinary Procedure; (v) fraudulent misrepresentation; and, (vi) fraudulent inducement. (ECF No. 1-1 at 8-10). The complaint seeks $50 million in damages. (ECF No. 1-1 at 10). The complaint against Ellen Stone brought cause of action for (i) legal malpractice, (ii) vicarious liability; (iii) gross negligence; (iv) Texas DTPA violations; (v) violations of the Texas Rules of Disciplinary

Procedure; (vi) fraudulent misrepresentation; and, (vii) fraudulent inducement. (Case No. 13-7001, ECF No. 1). The complaint against Ellen Stone similarly asks for $50 million in damages. (Case No. 13-7001, ECF No. 1). This complaint, as with that against Ellen Stone, only complains of acts that occurred prior to the date of conversion.

The overarching theme in this adversary proceeding (as in the Ellen Stone adversary proceeding) is that George W. Stone's negligence and malpractice sabotaged the Cantus' bankruptcy case.

Given this state of affairs, this case is similarly situated to the Ellen Stone adversary proceeding, (Case No. 13-7001), with the exception that there is no potential Mandate Rule or Law of the Case issue in this case. This Court adopts the reasoning set forth in its Memorandum Opinion in that case. (Case No. 13-7001, ECF No. 50).

First, the Court finds that the *Piper/Lemelle* "middle-ground" approach discussed in *Wheeler* is applicable as George W. Stone and the Cantus had the requisite relationship (a preconversion contractual, and in fact fiduciary, relationship). Under this test, as opposed to the "accrual" approach, ownership of the cause of action relates to when the acts complained of occurred. All parties agree that the acts occurred prior to conversion. As a result, under the *Piper/Lemelle* "middle-ground" approach, the cause of action is owned by the bankruptcy estate pursuant to § 541(a).

Second, and in the alternative, the Court finds that even under the "accrual" approach, these are preconversion causes of action. As with the complaint in the Ellen Stone adversary proceeding, the acts complained of are so egregious and so outside the bounds of acceptable, professional conduct of a fiduciary that (at some point well before conversion) the acts created "a

specific and concrete risk of harm" to the Cantus' interests sufficient to constitute legally cognizable injury.

Under either approach, these are preconversion causes of action owned by the bankruptcy estate. As a result, the Cantus lack standing to bring these causes of action. George W. Stone's Motion for Summary Judgment must be granted.

## Conclusion

The Court will enter a separate order in accordance with this Memorandum Opinion.

SIGNED **May 22, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE